UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

PHILLIP JOASPH KNIGHT                                          CIVIL ACTION

VERSUS                                                         NO. 12-1861

CORNEL SMITH, ET AL.                                           SECTION "S" (1)

# ORDER AND REASONS

Plaintiff, Phillip Joasph Knight, an inmate currently incarcerated in the Louisiana State Penitentiary, in Angola, Louisiana, has submitted an application to proceed in forma pauperis in connection with the above-captioned complaint. Plaintiff has alleged medical malpractice and negligence against the Warden and health care providers for changing his medication and the administration of the medication. This is a non-dispositive pretrial matter which was referred to the undersigned United States Magistrate Judge pursuant to Local Rule 72.1(B)(1) and 28 U.S.C. § 636(b).

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321, signed into law on April 26, 1996, now codified at 28 U.S.C. § 1915(g), provides that a prisoner shall not be allowed to bring a civil action pursuant to 28 U.S.C. § 1915 if he

has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on grounds that it was frivolous, malicious, or failed to state a claim for which relief can be granted, unless the prisoner is under imminent danger of serious physical injury.

Plaintiff is a frequent litigant in this Court. While incarcerated, he has filed numerous civil rights complaints, at least three of which were dismissed as frivolous, malicious, and/or for failure to state a claim. He has accumulated three "strikes" under the PLRA. See Knight v. Guste, et al., Civil Action 07-503 "I"(5) (E.D. La.); Knight v. Colens, et al., Civil Action 06-4538 "J"(2) (E.D. La.); Knight v. Benge, et al., Civil Action 06-4537 "S"(3) (E.D. La.). Accordingly, plaintiff may not proceed as a pauper in this action unless he fits within the "imminent danger" exception of § 1915(g).

In the instant case, plaintiff's claims amount to a disagreement with the defendants' judgment and prescribed course of treatment. However, allegations about the quality of medical care are insufficient to satisfy the exception to § 1915(g). Edmond v. Texas Department of Corrections, et al., 161 F.3d 8, 1998 WL 723877 (5th Cir. October 7, 1998) (not selected for publication in the Federal Reporter); Lewis Lyles v. Dretke, 2009 WL 722076) (E.D. Tex.) (allegations that plaintiff was denied any medication for high blood pressure despite 87 requests to the medical department is not sufficient to invoke the exception to § 1915(g)); Horace Alexander v. Quarterman, 2009 WL 1041812 (S.D. Tex. 2009) (allegations that plaintiff is not being treated for high

blood pressure and gastrointestinal problems is not sufficient to invoke the exception to § 1915(g)).  Imminent danger of serious physical injury is not implicated by plaintiff's claims.  Consequently, plaintiff is <u>not</u> entitled to proceed in forma pauperis pursuant to the provisions of the Prison Litigation Reform Act.

For the foregoing reasons, **IT IS ORDERED** that Phillip Knight's motion to proceed in forma pauperis is **DENIED**.  28 U.S.C. § 1915(g).

New Orleans, Louisiana, this  17th   day of July, 2012.

SALLY SHUSHAN
UNITED STATES MAGISTRATE JUDGE