# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **PHILLIP JOASPH KNIGHT** | **CIVIL ACTION** |
| **VERSUS** | **NO: 12-1861** |
| **CORNELL SMITH, ET AL.** | **SECTION: "S" (1)** |

## OPINION

**IT IS HEREBY ORDERED** that the United States Magistrate Judge's July 17, 2012, Order and Reasons denying plaintiff's motion for leave to file this action *in forma pauperis* (Doc. #2) is **AFFIRMED**.

This matter is before the court on plaintiff's appeal of the United States Magistrate Judge's July 17, 2012, Order and Reasons denying his motion for leave to file this action *in forma pauperis* (Doc. #3). The United States Magistrate Judge found that plaintiff's motion should be denied under the Prison Litigation Reform Act, 28 U.S.C. § 1915 (g), which provides that a prisoner shall not be allowed to bring a civil action pursuant to 28 U.S.C. § 1915 if he has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on grounds that it was frivolous, malicious, or failed to state a claim for which relief can be granted, unless the prisoner is under imminent danger of serious physical harm.

Plaintiff's motion to proceed *in forma pauperis* is a nondispositive pretrial matter. An order issued by a magistrate judge concerning nondispositive pretrial matters is reviewed by the district court under the clearly erroneous standard. See Perales v. Sasilla, 950 F.2d 1066, 1070 (5th Cir.

1992); 28 U.S.C.A. § 636(b)(1)(A) (West 2009).

Plaintiff has previously brought 17 civil actions in this court while he has been incarcerated. Four of those actions were dismissed as frivolous, one was dismissed after a trial on the merits, and plaintiff's motion for leave to file *in forma pauperis* was denied in the remaining twelve actions.

In order to come under the imminent danger exception to § 1915(g), a plaintiff must be in imminent danger of serious physical injury. Plaintiff's allegations illustrate that he is complaining that he is not receiving the type of medications or treatment he would like to have. The allegations further illustrate that he is receiving frequent medical examinations. Failure to provide the type of medication or treatment preferred by an inmate does not implicate danger of serious physical injury. Additionally, he is complaining about events that occurred two years ago.

Due to plaintiff's history in this court, and the fact that the events about which he complains in this 2012 case occurred in 2010, the United States Magistrate Judge's order denying plaintiff's motion to proceed *in forma pauperis* was not clearly erroneous, and is AFFIRMED.

New Orleans, Louisiana, this 30th day of July, 2012.

**MARY ANN VIAL LEMMON**
**UNITED STATES DISTRICT JUDGE**